# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| | : | |
| STATE OF DELAWARE, | : | |
| | : | ID No. 1907004115 |
| v. | : | |
| | : | |
| TYRONE CLARK, | : | |
| | : | |
| Defendant. | : | |

Submitted: September 8, 2025
Decided: October 8, 2025

## <u>ORDER</u>

On this 8th day of October 2025, having considered Defendant Tyrone Clark's appeal of the Commissioner's Report and Recommendation dated August 8, 2025 (the "Report"), and his additional submissions relevant to his appeal, it appears that:

1. A jury convicted Mr. Clark of ten separate felony sex offenses committed against a twelve-year old victim. At sentencing, the State applied for, and the Court applied, enhanced pedophile sentencing on seven counts under 11 *Del. C.* § 4205A(a)(2) because the victim was under fourteen years old. The Court then sentenced Mr. Clark, in the aggregate, to a minimum mandatory unsuspended 125 years of incarceration, followed by probation.

2. Mr. Clark appealed his convictions and sentences to the Delaware Supreme Court, and the Supreme Court affirmed both.[1] Next, Mr. Clark filed a *pro se* motion for postconviction relief under Superior Court Criminal Rule 61.[2] The Court dismissed the motion as time-barred because he filed it more than one year

---

[1] *Clark v. State*, 273 A.3d 276, 2022 WL 557674, at *4 (Del. Feb. 24, 2022) (TABLE).
[2] D.I. 101.

after the conclusion of his Supreme Court appeal.[3] Mr. Clark appealed that dismissal to the Supreme Court. There, he contended that his appellate counsel failed to notify him that the Supreme Court had decided his direct appeal. As a result, he moved the Supreme Court to reissue its mandate to provide him additional time to seek postconviction relief. The Supreme Court considered his motion and reissued the mandate on October 23, 2023, which renewed the one-year filing period.[4]

3.      Mr. Clark then filed a timely postconviction motion. The Court ordered the appointment of postconviction counsel and referred the matter to a Superior Court Commissioner under Rule 62(a)(5). Thereafter, Mr. Clark's postconviction counsel reviewed the record and filed a motion to withdraw after attesting that Mr. Clark had no non-frivolous grounds for postconviction relief.[5] The Commissioner granted postconviction counsel's motion to withdraw.[6]

4.      On August 8, 2025, the Commissioner issued her findings and recommendations in the Report. There, she explained that Mr. Clark failed to meet his burden of demonstrating that his trial counsel was ineffective. After the Commissioner issued the Report, Mr. Clark submitted a letter requesting that the Commissioner hold an evidentiary hearing.[7] The Commissioner considered his letter and denied the request by supplemental order on the same day she received the request.[8]

5.      Pursuant to Superior Court Criminal Rule 62(a)(5)(ii), Mr. Clark had ten days to appeal the Commissioner's Report. The Commissioner extended the time-period for filing an appeal, however, after she received Mr. Clark's untimely

---

[3] D.I. 103.
[4] *Clark v. State*, Del. Supr., No. 93, 2021, Griffiths, J. (Oct. 23, 2023) (ORDER).
[5] D.I. 126.
[6] D.I. 131.
[7] D.I. 143.
[8] D.I. 144.

2

request for an evidentiary hearing.[9]  Mr. Clark then followed with (1) a second letter to the Court on September 8, 2025, and (2) another document entitled "motion for evidentiary hearing" on September 30, 2025.[10]  The Court considers these filings to be an appeal of the Commissioner's Report and supplemental order and addresses them accordingly.

6.      As to the standard of review on appeal, the  Court must conduct a *de novo* review of the portions of the Report to which Mr. Clark has objected.[11]  As to the substantive law considered in this appeal, the Court applies the same standard as the Commissioner – that is, the test articulated by the United States Supreme Court in *Strickland v. Washington*. [12]

7.      The *Strickland* test is a two-part inquiry and the movant must satisfy both to justify relief.[13]  First, the movant must demonstrate that his or her attorney's performance was unreasonable.[14]      To that end, the Court affords a strong presumption that trial counsel performed reasonably.[15]  Hindsight bias following a poor result does not control the outcome.[16]  Second, the movant must demonstrate that counsel's unreasonable error(s) caused the defendant actual prejudice.[17]  There, the movant must substantiate a reasonable probability of a different result at trial had counsel not unreasonably erred.[18]

---

[9] *Id.*
[10] D.I.s 146, 147.
[11] Del. Super. Ct. Crim. R. 62(a)(5)(iv).
[12] 466 U.S. 668 (1984); *see also Albury v. State*, 551 A.2d 53, 58 (Del. 1988) (wherein the Delaware Supreme Court acknowledged and applied the *Strickland* standard).
[13] *Strickland*, 466 U.S. at 687.
[14] *Id.*
[15] *Id.* at 689.
[16] *Id.*
[17] *Id.* at 687.
[18] *Id.* at 694.

8. Mr. Clark's principal objection is that the Commissioner erred when finding that trial counsel's choice to seek exclusion of DNA evidence at trial was reasonable. Preliminary results of the DNA testing in this case revealed trace amounts of male DNA on the victim.[19] The final report, however, did not confirm the presence of another person's DNA.[20] The prosecutor nevertheless proffered his intent to present evidence of the preliminary finding that male DNA was recovered after a SANE exam of the twelve-year old victim, albeit with the qualification that there was an insufficient sample to *conclusively* opine that male DNA, much less Mr. Clark's, was present.[21] Trial counsel, in turn, sought to exclude all references to DNA evidence, including the preliminary testing references to male DNA.[22] The Court considered the parties' arguments before trial and granted the motion because the likelihood of confusion and unfair prejudice in admitting the DNA evidence would have substantially outweighed its probative value.[23]

9. Mr. Clark now contends that the DNA evidence would have exculpated him. On the contrary, it would have either likely confused the jury or significantly and unfairly prejudiced him. To that end, (1) had the evidence been admitted, and (2) had Mr. Clark claimed the results exculpated him, the door would have opened for the prosecution to emphasize the preliminary results that supported the possible presence of male DNA on the victim. Trial counsel's effort to exclude that evidence was reasonably calculated to help Mr. Clark's defense. Accordingly, Mr. Clark does not meet his burden on the first *Strickland* prong. Furthermore, Mr. Clark independently fails to satisfy the second *Strickland* prong which, alone, is also dispositive. Admitting unfairly prejudicial evidence would not have been likely to

---

[19] 1/27/25 Ofc. Conf. Tr. 21:16-19 (D.I. 40).
[20] *Id.* at 21:23-22:7.
[21] *Id.* at 22:23-23:5.
[22] D.I. 39.
[23] D.I. 43.

net him a more favorable result – particularly where the evidence of his guilt was so overwhelming.

10. Mr. Clark also raises a related objection focused on the Commissioner's refusal to conduct an evidentiary hearing regarding the DNA. That objection has no merit for similar reasons. In this case, the undersigned presided over Mr. Clark's trial. That perspective, coupled with a *de novo* review of the record, enables the Court to view the DNA-evidence issue in full context. Pre-trial, the Court agreed with trial counsel's arguments that admission of the DNA evidence would have caused substantial unfair prejudice to Mr. Clark. Post-trial, the conclusion remains the same after a *de novo* review of the record. There was no need to conduct an evidentiary hearing to resolve questions regarding the DNA. The Commissioner did not err when denying Mr. Clark's request for an evidentiary hearing.

11. Finally, Mr. Clark raises several additional objections for the first time in this appeal. Those objections are either waived or are barred by procedural default. His additional objections include: (1) trial counsel was ineffective for failing to obtain an expert DNA witness; (2) the police violated *Edwards v. Arizona*[24] by questioning him after he invoked his right to counsel; (3) the State violated *Brady v. Maryland*[25] by failing to produce exculpatory DNA and cell phone evidence; (4) the Court erred by giving a jury instruction on lesser included offenses for which there was no evidentiary basis; (5) venue was improper because the State failed to prove that the crime occurred in Kent County; (6) the warrant for Mr. Clark's arrest was defective; and (7) his conviction violated the *corpus delicti* doctrine.

12. Mr. Clark's objection regarding trial counsel's alleged failure to retain a DNA expert is considered waived because Mr. Clark did not raise that contention with the Commissioner. The remaining five objections listed above are procedurally

---

[24] 451 U.S. 477 (1981).
[25] 373 U.S. 83 (1963).

defaulted under Superior Court Criminal Rule 61(i)(3) because Mr. Clark did not raise them at trial or on direct appeal. Nor does he proffer any other cognizable basis to avoid procedural default regarding those objections.

**WHEREFORE**, for the reasons stated in the Commissioner's Report and Recommendation, and for the additional reasons discussed above, the Court **ADOPTS** the Report in its entirety. Accordingly, Defendant Tyrone Clark's motion for postconviction relief is **DENIED**.

**IT IS SO ORDERED**.

/s/Jeffrey J Clark
Resident Judge

oc: Prothonotary
cc: The Honorable Andrea M. Freud
     Kevin Smith, DAG
     Trial Counsel
     Mr. Tyrone Clark, SCI